JOHN-LOUIS H. DELL, ESQ. (SBN 344873)
Email: John@Louisdell.com
LOUIS P. DELL, ESQ. (SBN 164830)
Email: Ldell@Louisdell.com
LAW OFFICE OF LOUIS P. DELL
715 South Victory Blvd.
Burbank, CA 91502
(818)478-2822

Attorneys for Plaintiffs,
VYACHESLAV FINOGEYEV and
NATALYA FINOGEYEVA

## IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VYACHESLAV FINOGEYEV, NATALYA FINOGEYEVA, <br><br> Plaintiffs, <br><br> vs. <br><br> MERCEDES-BENZ FINANCIAL SERVICES USA LLC; URT KEYSTONE, INC.; DOES 1–20, inclusive, California Highway Patrol Officers and Employees, sued in their individual capacities; DOES 41–45, inclusive, California Highway Patrol Supervisory Officials, sued in their official capacities for prospective declaratory and injunctive relief only; and DOES 21–40, inclusive, <br><br> Defendants. | CASE NO. <br><br> COMPLAINT FOR DAMAGES and INJUNCTIVE RELIEF <br><br> JURY TRIAL DEMANDED |

- 1 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

Plaintiffs by their attorneys state as follows:

## INTRODUCTION

1. This action arises from the California Highway Patrol's impoundment of Plaintiffs' lawfully leased family vehicle during a law-enforcement operation targeting a third-party body shop, and the subsequent refusal to return the vehicle even after CHP determined it was not stolen and that Plaintiffs had committed no wrongdoing.

2. Plaintiffs' vehicle had been delivered to a licensed collision repair facility following a traffic accident and was awaiting return after insured inspection and repairs. During an unrelated investigation, CHP officers suspected that the repair facility was operating as an unlawful dismantler and seized multiple vehicles at the premises, including Plaintiffs' vehicle, without prior notice to Plaintiffs.

3. Through multiple vehicle storage hearings and investigative contacts, CHP reviewed Plaintiffs' documentation and affirmatively determined that the vehicle was not stolen, was lawfully possessed, and was not evidence of a crime. At that point, the sole lawful course of action was to release the vehicle back to Plaintiffs.

4. Instead, CHP officers used their police authority to withhold the vehicle and deliver it to a private financial institution, Mercedes-Benz Financial Services USA LLC ("MBFS"), based solely on MBFS's asserted status as a lienholder and without any court order, statutory authorization, or hearing on that disposition decision.

5. This conduct transformed a temporary investigative impound into an unconstitutional, state-assisted repossession. Plaintiffs were deprived of their

- 2 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

Law Office of Louis P. Dell
Attorney and Counselor at Law

property and its use, forced into a coerced payoff demand, and suffered financial, credit, and emotional harm.

## JURISDICTION

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

7. This Court has supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

## PARTIES

8. Plaintiff Vyacheslav Finogeyev is a California resident and the lessee, registered owner, and lawful possessor of the vehicle at issue.

9. Plaintiff Natalya Finogeyeva is Vyacheslav Finogeyev's spouse and a regular, authorized driver who relied on the vehicle for daily family and household needs, including transporting the couple's children to school.

10. Defendant Mercedes-Benz Financial Services USA LLC is a financial institution that knowingly accepted possession of Plaintiffs' vehicle following the unlawful transfer.

11. Defendant URT Keystone, Inc., dba Keystone Towing, Inc. ("Keystone Towing") is a private towing and storage company operating as an official police garage and acted jointly with CHP.

12. Defendants DOES 1–20 are CHP officers or employees who participated in, directed, or ratified the acts alleged herein. Each is sued in his or her individual capacity for damages.

13. Defendants DOES 41–45 are CHP supervisory or command-level officials responsible for policies and practices governing vehicle impounds

- 3 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

and releases. They are sued in their official capacities solely for declaratory and injunctive relief pursuant to *Ex parte Young*.

14. Defendants DOES 21–40 are persons or entities whose true names and capacities are presently unknown to Plaintiffs, including additional agents, employees, contractors, release personnel, storage personnel, repossession personnel, or other participants who authorized, facilitated, documented, implemented, or benefited from the continued retention, transfer, disposition, or reporting of the Vehicle after the basis for impound had dissipated. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained.

15. Plaintiffs are informed and believe that one or more of DOES 21–40 participated in preparing or processing release or disposition paperwork, facilitating the transfer of the Vehicle to MBFS, withholding the Vehicle from Plaintiffs after CHP determined it was not stolen, or assisting in the downstream disposition or reporting consequences of that transfer.

## FACTUAL ALLEGATIONS

**Lease, Family Use, and Accident**

16. Plaintiffs leased a 2024 MB EQE 350+ ("Vehicle") in August 2024 for personal and family use. Plaintiff Natalya Finogeyeva was the primary daily driver.

17. On July 25, 2025, Natalya Finogeyeva was involved in a traffic accident. The Vehicle was lawfully towed to GPT Collision Center for insured repairs.

18. Prior to the impound, Plaintiffs' insurance carrier inspected the Vehicle in connection with the collision claim and paid for repairs, and neither the

- 4 –

Law Office of Louis P. Dell
Attorney and Counselor at Law

insurer nor any adjuster ever alleged that the Vehicle was stolen or unlawfully possessed.

### CHP Seizure Based on Dismantler Suspicion

19. Before the vehicle was returned, CHP conducted enforcement activity at the body shop based on a purported belief that it was operating as an unlawful dismantler and impounded multiple vehicles, including Plaintiffs' vehicle.

20. The vehicle was not stolen, contraband, or evidence of a crime and was stored at Keystone Towing.

### CHP Investigation, Vehicle Storage Hearings, and Determinations

21. After learning that the Vehicle had been impounded, Plaintiff Vyacheslav Finogeyev made multiple in-person visits to a CHP office and provided information and documents regarding the lease, license and registration, and circumstances behind the accident and delivery to the body shop.

22. CHP personnel directed Plaintiff between officers and investigators and required written and verbal statements concerning the Vehicle, the lease, and the accident.

23. Plaintiff disputed that the Vehicle was stolen and thereafter participated in approximately four to five informal vehicle storage informal hearings with CHP personnel either in person or over the phone.

24. During these hearings, CHP reviewed Plaintiffs' information and documentation and determined that the Vehicle was not stolen and that

- 5 –

Law Office of Louis P. Dell
Attorney and Counselor at Law

Plaintiffs had committed no wrongdoing, thereby eliminating the criminal basis for the impound.

25. Despite determining that the Vehicle was not stolen, CHP officers advised Plaintiff Vyacheslav Finogeyev that the Vehicle would not be released to him and instead would be released to MBFS as the purported legal owner, further stating that MBFS considered the Vehicle to be stolen and directing Plaintiff to contact MBFS regarding the matter.

26. CHP identified no court order, statutory authority, default determination, or repossession order authorizing that transfer.

**Transfer to MBFS and Consequences**

27. Following CHP's determination that the Vehicle was not stolen, Keystone Towing and the CHP defendants released the Vehicle to Mercedes-Benz Financial Services USA LLC ("MBFS") at CHP's direction.

28. Keystone Towing and the CHP defendants did not act as a passive bailee but affirmatively participated in the continued retention and release of the Vehicle to MBFS by preparing CHP disposition documents and effectuating the transfer despite knowledge that Plaintiffs objected and that CHP had determined the Vehicle was not stolen.

29. MBFS refused to facilitate return of the Vehicle to Plaintiffs and instead leveraged the CHP impound to engineer transfer of the Vehicle to itself, declaring a default under § 23b-10 of the lease agreement, a broadly worded provision permitting default based on MBFS's asserted good-faith belief that circumstances endanger the vehicle or the lessee's ability to pay and conditioning return solely on full lease payoff.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

Law Office of Louis P. Dell
Attorney and Counselor at Law

**False Credit Reporting and Debt-Collection Conduct**

30. On September 4, 2025, MBFS issued a Notice of Disposition of Motor Vehicle Lease stating that the Vehicle would be sold on September 25, 2025, and demanding an early termination payoff of approximately $58,184.49.

31. On September 17, 2025, MBFS representative Tim Bern advised Plaintiffs that MBFS could not provide details regarding the seizure due to an "active law enforcement investigation," disclaimed any allegation of wrongdoing by Plaintiffs, and nonetheless reaffirmed that return of the Vehicle would be conditioned on full payment, while requesting post hoc documentation regarding the accident, insurance claim, and repairs.

32. At all relevant times, Plaintiffs' lease payments, insurance, and registration were current, and MBFS's actions treated the Vehicle as repossessed based solely on the CHP impound, notwithstanding CHP's determination that the Vehicle was not stolen and Plaintiffs' lack of any default or misconduct.

33. Following its receipt of the Vehicle through the CHP-directed transfer, MBFS treated Plaintiff Vyacheslav Finogeyev's account as a repossession and/or default notwithstanding that Plaintiffs were current on all payment obligations and notwithstanding CHP's determination that the Vehicle was not stolen and that Plaintiffs had committed no wrongdoing.

34. MBFS furnished information concerning Plaintiff Vyacheslav Finogeyev's account to one or more consumer reporting agencies, including but not limited to Experian, Equifax, and TransUnion, and reported or caused the account to be reported as a repossession or other derogatory default-related status.

- 7 –

35. That reporting was false, incomplete, and materially misleading because the Vehicle was not repossessed due to any missed payment, nonpayment, or other lawful default by Plaintiff Vyacheslav Finogeyev. Instead, MBFS obtained possession only after CHP wrongfully withheld and transferred the Vehicle following an impound that CHP had already determined was not based on theft or wrongdoing by Plaintiffs.

36. After learning of MBFS's false credit reporting, Plaintiff Vyacheslav Finogeyev disputed the inaccurate tradeline in writing with Experian and Equifax.

37. Upon information and belief, those consumer reporting agencies transmitted notice of the dispute to MBFS pursuant to 15 U.S.C. § 1681i(a)(2).

38. After receiving notice of Plaintiff Vyacheslav Finogeyev's dispute, MBFS failed to conduct a reasonable investigation, failed to review all relevant information provided by the consumer reporting agencies, failed to correct or delete the inaccurate tradeline, and reverified the derogatory reporting as accurate.

39. At the time MBFS furnished and reverified the derogatory reporting, MBFS knew or should have known that the reporting was inaccurate and misleading because MBFS knew Plaintiff Vyacheslav Finogeyev was current on his lease obligations, knew CHP had determined that the Vehicle was not stolen, disclaimed any allegation of wrongdoing by Plaintiff Vyacheslav Finogeyev, and nonetheless conditioned return of the Vehicle solely on full payoff after obtaining the Vehicle through the challenged CHP transfer.

40. MBFS used the impound and transfer to assert a non-existent default, demand full payoff, and treat the account as repossessed despite the absence of any payment default.

- 8 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

**Damages**

41.  As a direct and proximate result of the conduct alleged herein, Plaintiffs suffered actual damages, including loss of possession and use of the Vehicle, financial harm, out-of-pocket expenses, injury to creditworthiness, loss of credit opportunities, denial of credit, embarrassment, humiliation, anxiety, emotional distress, loss of time, and other consequential and incidental damages.

42.  Plaintiff Natalya Finogeyeva, as a regular authorized driver who relied on the Vehicle for daily family and household needs, suffered additional harm from the loss of transportation, disruption of household and parental responsibilities, and emotional distress resulting from the wrongful retention of the Vehicle and MBFS's treatment of the account as repossessed.

43.  Defendants' conduct caused Plaintiffs to suffer constitutional injuries, including the unreasonable seizure and continued retention of their property after the basis for impound had dissipated, and the denial of notice and a meaningful opportunity to be heard before disposition of the Vehicle, in violation of the Fourth and Fourteenth Amendments.

44.  Even if Plaintiffs are unable to prove the full extent of compensatory damages, they are entitled to nominal damages for each violation of their constitutional rights, because the deprivation of Fourth and Fourteenth Amendment protections constitutes an independent injury as a matter of law.

- 9 –

Law Office of Louis P. Dell
Attorney and Counselor at Law

**FIRST COUNT**

**42 U.S.C. § 1983 Fourth Amendment (Unreasonable Seizure)**

(Against CHP DOES 1–20)

45.   This Count realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46.   Plaintiffs had lawful possessory and property interests in the Vehicle, including the right to possession, use, and return of the Vehicle once any lawful basis for impound ceased to exist.

47.   Although CHP initially seized the Vehicle during an investigation of a third-party repair facility, CHP thereafter determined that the Vehicle was not stolen, was lawfully possessed, was not contraband, was not evidence of a crime, and that Plaintiffs had committed no wrongdoing. At that point, the justification for continued seizure and retention of the Vehicle had dissipated.

48.   Notwithstanding the absence of any continuing criminal or evidentiary basis for impound, CHP DOES 1–20 intentionally continued the seizure and retention of the Vehicle, refused to release it to Plaintiffs, and caused or authorized its transfer to MBFS, a private party, without a warrant, court order, repossession order, or other lawful authority.

49.   The continued retention and transfer of the Vehicle after the basis for impound had ended was objectively unreasonable under the Fourth Amendment and constituted an unlawful extension of the original seizure.

50.   Each of the CHP DOE defendants personally participated in, directed, authorized, approved, and/or knowingly failed to prevent the continued retention and transfer of the Vehicle despite knowing that the Vehicle was not stolen and that Plaintiffs had committed no wrongdoing.

- 10 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

Law Office of Louis P. Dell
Attorney and Counselor at Law

51.   As a direct and proximate result of that unconstitutional seizure, Plaintiffs were deprived of possession and use of the Vehicle, suffered financial loss, disruption of family and household activities, emotional distress, and other damages according to proof, and are further entitled to nominal damages even if full compensatory damages cannot be established.

## SECOND COUNT

### 42 U.S.C. § 1983 – Fourteenth Amendment (Procedural Due Process)

(Against CHP DOES 1–20)

52.   This Count realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53.   Plaintiffs possessed constitutionally protected property and possessory interests in the Vehicle and in the return of the Vehicle once no lawful basis remained for its continued impoundment or disposition to a third party.

54.   After CHP determined that the Vehicle was not stolen, was lawfully possessed, and was not evidence of a crime, CHP DOES 1–20 decided to withhold the Vehicle from Plaintiffs and transfer it to MBFS based solely on MBFS's asserted status as lienholder or legal owner. CHP made that disposition decision without providing Plaintiffs notice of the grounds for that transfer, notice of any right to challenge that disposition, or any meaningful pre-deprivation or prompt post-deprivation hearing directed to the decision to release the Vehicle to MBFS rather than to Plaintiffs.

55.   No exigency, established procedure, or adequate post-deprivation remedy justified dispensing with constitutionally required process before depriving Plaintiffs of their possessory rights in the Vehicle through transfer to a private creditor.

- 11 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

56. By transferring the Vehicle to MBFS without constitutionally adequate notice and a meaningful opportunity to be heard on that specific disposition decision, CHP DOES 1–20 deprived Plaintiffs of property without due process of law in violation of the Fourteenth Amendment.

57. Each CHP DOE defendant personally participated in, directed, authorized, approved, and/or ratified the deprivation of Plaintiffs' due-process rights.

58. As a direct and proximate result, Plaintiffs suffered the loss of their Vehicle, loss of transportation, financial harm, disruption of ordinary family and parental responsibilities, emotional distress, and other damages according to proof, and are entitled to nominal damages for the constitutional deprivation itself.

## THIRD COUNT

### 42 U.S.C. § 1983 – Declaratory and Injunctive Relief (Ex parte Young)

(Against CHP DOES 41–45)

59. This Count realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. CHP supervisory DOES 41–45 are responsible for establishing, implementing, enforcing, and/or maintaining policies, customs, practices, training, supervision, and release procedures governing impounded vehicles and the disposition of vehicles once any investigatory or criminal basis for impound has ended.

61. Upon information and belief, CHP maintains, permits, ratifies, or fails to correct customs, policies, or practices under which impounded vehicles are released or transferred to lienholders or other private parties without judicial

- 12 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

process, without adequate notice to the lawful possessor, and without any meaningful opportunity to challenge that disposition after the asserted criminal basis for impound has failed.

62. Those policies, customs, or practices were a moving force behind the constitutional violations alleged herein and create a real and immediate threat of repetition against Plaintiffs and other similarly situated persons whose vehicles are impounded and later determined not to be stolen or needed as evidence.

63. The challenged post-impound release policy remains in force, and Plaintiffs seek prospective relief against that ongoing official practice.

64. Plaintiffs seek prospective declaratory and injunctive relief to prohibit CHP and its supervisory officials from continuing to release or transfer impounded vehicles to private creditors or lienholders, once the criminal basis for impound has dissipated, without judicial authorization, constitutionally adequate notice, and a meaningful opportunity to be heard.

65. Unless enjoined, CHP supervisory DOES 41–45 will continue to enforce, permit, or fail to correct the unconstitutional practices alleged herein.

## FOURTH COUNT

### 42 U.S.C. § 1983 – Joint Action / State Actor Liability

(Against Keystone Towing and MBFS)

66. This Count realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. Private parties act under color of state law for purposes of 42 U.S.C. § 1983 when they are willful participants in joint action with state officials or

- 13 –

jointly engage with them in conduct that causes the constitutional deprivation.

68. Keystone Towing did not act as a mere passive custodian. As alleged herein, Keystone Towing stored the Vehicle as the official police garage, continued to retain the Vehicle after CHP had determined it was not stolen, prepared or implemented CHP disposition paperwork, and effectuated the release of the Vehicle to MBFS despite knowledge that Plaintiffs objected and that CHP had determined the Vehicle was not stolen.

69. MBFS likewise did not act as a stranger to the state action. MBFS knowingly accepted possession of the Vehicle through CHP's exercise of police authority, leveraged CHP's impound and transfer to obtain possession it could not otherwise have obtained through ordinary private repossession means, and then used that state-assisted transfer to declare a default, demand full payoff, and treat the account as repossessed.

70. Keystone Towing and MBFS knowingly accepted, facilitated, benefited from, and participated in the unconstitutional retention and transfer of the Vehicle, and were integral participants in the challenged deprivation of Plaintiffs' Fourth and Fourteenth Amendment rights.

71. By reason of their joint participation with CHP officers in the continued retention and transfer of the Vehicle, Keystone Towing and MBFS acted under color of state law and are liable under 42 U.S.C. § 1983 for the constitutional violations alleged herein.

72. As a direct and proximate result of their joint conduct with CHP, Plaintiffs suffered loss of possession and use of the Vehicle, financial harm, coerced payoff demands, emotional distress, and other damages according to proof.

- 14 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

## FIFTH COUNT

### Conversion (California Law)

(Against All Defendants)

73. This Count realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. Plaintiffs had the right to immediate possession and use of the Vehicle once CHP determined the Vehicle was not stolen, not contraband, not evidence of a crime, and that Plaintiffs had committed no wrongdoing.

75. Defendants thereafter intentionally exercised dominion and control over the Vehicle inconsistent with Plaintiffs' rights by retaining it, withholding it from Plaintiffs, and transferring it to MBFS without consent or lawful justification.

76. Defendants' conduct substantially interfered with Plaintiffs' possessory rights and deprived Plaintiffs of the use and value of their leasehold and possessory interests in the Vehicle.

77. As a direct and proximate result, Plaintiffs suffered damages according to proof, including loss of use, financial harm, emotional distress to the extent recoverable, and consequential damages.

## SIXTH COUNT

### Trespass to Chattels (California Law)

(Against All Defendants)

78. This Count realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

- 15 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

Law Office of Louis P. Dell
Attorney and Counselor at Law

79. Plaintiffs owned, leased, possessed, and had the right to use the Vehicle.

80. Defendants intentionally and without authorization interfered with Plaintiffs' possession and use of the Vehicle by seizing, retaining, withholding, and transferring it to MBFS after the basis for impound had dissipated.

81. That interference impaired the condition, quality, or value of Plaintiffs' possessory interest and deprived Plaintiffs of the Vehicle's use for a substantial period of time.

82. As a direct and proximate result, Plaintiffs suffered damages according to proof.

### SEVENTH COUNT

### Violation of California Civil Code § 52.1 (Bane Act)

(Against All Defendants)

83. This Count realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

84. California Civil Code section 52.1 prohibits any person from interfering, or attempting to interfere, by threats, intimidation, or coercion, with the exercise or enjoyment of rights secured by the Constitution or laws of the United States or of California.

85. Plaintiffs had clearly established rights under the Fourth and Fourteenth Amendments to be free from the unreasonable continued seizure and retention of their Vehicle after the basis for impound had dissipated, and to receive constitutionally adequate notice and a meaningful opportunity to be heard before the Vehicle was transferred or otherwise disposed of.

- 16 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

86. Defendants intentionally interfered, and attempted to interfere, with Plaintiffs' exercise and enjoyment of those rights by threats, intimidation, and coercion.

87. The threats, intimidation, and coercion consisted of Defendants' misuse of asserted police authority to continue withholding the Vehicle from Plaintiffs and to transfer it to MBFS after the lawful basis for impound had ended, thereby coercively depriving Plaintiffs of possession without judicial process, adequate notice, or a meaningful opportunity to be heard.

88. Defendants' conduct was intentional, knowing, and in conscious disregard of Plaintiffs' constitutional and statutory rights.

89. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered loss of possession and use of the Vehicle, financial harm, disruption of family and household responsibilities, emotional distress, and other damages according to proof.

90. Plaintiffs are entitled to damages, statutory relief as permitted by law, attorney's fees, costs, and such other relief as the Court deems just and proper.

## EIGHTH COUNT

### Violation of the Fair Credit Reporting Act

### 15 U.S.C. § 1681s-2(b)

(by Plaintiff Vyacheslav Finogeyev Against Defendant Mercedes-Benz Financial Services USA LLC)

91. This Count realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

- 17 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

92. MBFS was at all relevant times a furnisher of information to one or more consumer reporting agencies within the meaning of the Fair Credit Reporting Act.

93. After Plaintiff Vyacheslav Finogeyev disputed MBFS's derogatory credit reporting with one or more consumer reporting agencies, including Experian and Equifax, MBFS received notice of the dispute from those agencies pursuant to 15 U.S.C. § 1681i(a)(2).

94. Upon receiving notice of the dispute, MBFS was required under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation with respect to the disputed information, review all relevant information provided by the consumer reporting agencies, report the results of the investigation, and modify, delete, or permanently block the reporting of information found to be inaccurate, incomplete, or unverifiable.

95. A reasonable investigation would have revealed, among other things, that Plaintiff Vyacheslav Finogeyev was current on his lease obligations, that CHP had determined the Vehicle was not stolen and that Plaintiffs had committed no wrongdoing, and that MBFS obtained possession of the Vehicle through the challenged CHP-directed transfer rather than any lawful repossession based on payment default.

96. MBFS violated 15 U.S.C. § 1681s-2(b) by, among other things, failing to conduct a reasonable investigation, failing to review all relevant information, continuing to report inaccurate and misleading repossession/default information, and failing to correct or delete the tradeline after receiving notice of the dispute.

97. MBFS's violations were willful, reckless, and/or negligent.

- 18 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

98. As a direct and proximate result of MBFS's conduct, Plaintiff Vyacheslav Finogeyev suffered actual damages, including but not limited to damage to credit reputation and creditworthiness, denial of credit or less favorable credit terms, emotional distress, anxiety, humiliation, and consequential economic damages.

99. Plaintiff is entitled to actual damages under 15 U.S.C. §§ 1681n and 1681o, punitive damages as permitted by law, attorney's fees, costs, and such other relief as the Court deems just and proper.

## NINTH COUNT

### Violation of the California Consumer Credit Reporting Agencies Act
### Cal. Civ. Code § 1785.25(a)

(by Plaintiff Vyacheslav Finogeyev Against Defendant Mercedes-Benz Financial Services USA LLC)

100. This Count realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

101. Plaintiff Vyacheslav Finogeyev is a consumer within the meaning of the California Consumer Credit Reporting Agencies Act.

102. MBFS furnished information concerning Plaintiff Vyacheslav Finogeyev to one or more consumer credit reporting agencies.

103. Cal. Civ. Code § 1785.25(a) prohibits a furnisher from furnishing information on a specific transaction or experience to any consumer credit reporting agency if the furnisher knows or should know the information is incomplete or inaccurate.

104. MBFS violated Cal. Civ. Code § 1785.25(a) by furnishing information reporting Plaintiff Vyacheslav Finogeyev's account as repossessed, in default,

- 19 –

Law Office of Louis P. Dell
Attorney and Counselor at Law

or otherwise derogatory, when MBFS knew or should have known that such reporting was incomplete, inaccurate, and materially misleading because Plaintiff Vyacheslav Finogeyev was current on his lease obligations and MBFS's possession of the Vehicle resulted from the CHP-directed transfer rather than any lawful repossession based on payment default.

105. MBFS's conduct was willful and/or negligent.

106. As a direct and proximate result of MBFS's conduct, Plaintiff Vyacheslav Finogeyev suffered actual damages, emotional distress, reputational harm, and other consequential damages.

107. Plaintiff is entitled to actual damages, punitive damages where permitted, equitable and injunctive relief requiring correction and deletion of the inaccurate tradeline, attorney's fees, costs, and such other relief as the Court deems just and proper under Cal. Civ. Code § 1785.31.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs VYACHESLAV FINOGEYEV and NATALYA FINOGEYEVA respectfully pray for judgment against Defendants, and each of them, as follows:

1. For compensatory damages against all Defendants, jointly and severally where applicable, in an amount to be proven at trial, including damages for loss of property and use, financial harm, out-of-pocket expenses, rental or substitute transportation expenses, credit damage, emotional distress, and consequential losses;

2. For nominal damages against Defendants liable under 42 U.S.C. § 1983 for each violation of Plaintiffs' constitutional rights;

- 20 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Law Office of Louis P. Dell
Attorney and Counselor at Law

3.    For actual damages against MBFS under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681n and 1681o, including damages for injury to creditworthiness, denial of credit, less favorable credit terms, emotional distress, anxiety, humiliation, and punitive damages where permitted;

4.    For actual damages, punitive damages where permitted, attorney's fees, costs, and equitable relief against MBFS under the California Consumer Credit Reporting Agencies Act, including relief under Cal. Civ. Code § 1785.31;

5.    For damages, equitable relief where appropriate, and attorney's fees and costs, where available, under California Civil Code § 52.1 and other applicable state law;

6.    For punitive and exemplary damages against CHP DOES 1–20, sued in their individual capacities; URT Keystone, Inc.; and Mercedes-Benz Financial Services USA LLC, where permitted by law, based on malicious, oppressive, fraudulent, willful, or reckless disregard for Plaintiffs' constitutional and statutory rights;

7.    For declaratory relief against CHP supervisory Defendants DOES 41–45, in their official capacities, declaring that the practice of transferring impounded vehicles to private creditors or lienholders, after the criminal basis for impound has failed and without judicial authorization, constitutionally adequate notice, or a meaningful opportunity to be heard, violates the Fourth and Fourteenth Amendments;

8.    For injunctive relief against CHP supervisory Defendants DOES 41–45, in their official capacities, prohibiting the practice of transferring impounded vehicles to private creditors or lienholders without judicial authorization or due process;

- 21 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

9.   For injunctive and equitable relief against MBFS directing it to request deletion, correction, and permanent suppression of any inaccurate repossession, default, charge-off, or other derogatory credit reporting arising from the events alleged herein;

10.  For statutory damages, penalties, restitution, and equitable relief, where available, under California Civil Code § 52.1 and other applicable state law;

11.  For reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988, 15 U.S.C. §§ 1681n and 1681o, California Civil Code §§ 52.1, and 1785.31, and any other applicable statute or law;

12.  For pre-judgment and post-judgment interest as permitted by law;

13.  For costs of suit incurred herein; and

14.  For such other and further relief as the Court deems just and proper.

DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

Dated: March 19, 2026                    Law Office of Louis P. Dell

                                         /s/ Louis P. Dell
                                         Attorney for Plaintiffs,
                                         VYACHESLAV FINOGEYEV
                                         and NATALYA FINOGEYEVA

- 22 –

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF